IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK DAVON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:21-CV-78-WHA-CSC |
| DANTE GORDON, ) | [WO] |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on an amended complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), by which Plaintiff challenges the conditions of his confinement resulting from a lockdown imposed on federal inmates held at the Montgomery County Detention Facility in Montgomery, Alabama. Doc. # 11. Plaintiff's claims refer to the adverse effects, including effects on his health, allegedly resulting from the lockdown. *Id*. Named by Plaintiff as Defendants are Dante Gordon and the Montgomery County Detention Facility. *Id*. at 1–2. Upon review, the Court concludes that dismissal of the amended complaint against Defendant Montgomery County Detention Facility prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## I. DISCUSSION

Plaintiff's amended complaint includes the Montgomery County Detention Facility as a named Defendant. However, a county jail is not a legal entity and, therefore, is not subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992); *see Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994). Accordingly, the action against the Montgomery County Detention Facility is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's amended complaint against Defendant Montgomery County Detention Facility be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Defendant Montgomery County Detention Facility be TERMINATED as a party to this action.

3. This case against the remaining Defendant be referred to the undersigned for further proceedings.

It is further

ORDERED that by **April 14, 2021**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 31st day of March, 2021.

      /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE