IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK DAVON WILLIAMS,         )<br>                                                          )<br>   Plaintiff,                                      )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>DANTE GORDON,                           )<br>                                                          )<br>   Defendant.                                   ) | CIVIL ACTION NO.<br>2:21-CV-78-WHA-CSC<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Plaintiff's Moton for Preliminary Injunction. Doc. 3. Plaintiff requests that Defendant be enjoined from retaliating against him in this civil rights action. For the following reasons, the Court recommends that Plaintiff's Motion For Preliminary Injunction be denied.

**I.   STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites Plaintiff must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id*.; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). Injunctive relief will not issue unless the alleged misconduct is imminent and no other relief or compensation is available.

*Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II.  DISCUSSION

The Court understands Plaintiff to request injunctive relief to prohibit Defendant from retaliating against him for filing this action. *See* Doc. 3 at 1.

The Court must first consider whether Plaintiff has proven a substantial likelihood of success on the merits. Having reviewed the request for a preliminary injunction and in light of applicable federal law, the Court concludes that Plaintiff fails to carry his burden. Specifically, Plaintiff's subjective belief that Defendant may retaliate against him for filing this action is insufficient to demonstrate a constitutional violation. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations are not an adequate substitute for claims of specific, present harm or threat of a specific, future harm).

Plaintiff also fails to demonstrate he will suffer irreparable injury absent issuance of a preliminary injunction. His speculative concern about the future conduct of Defendant is not the type of irreparable harm justifying the issuance of a preliminary injunction. Any problems Plaintiff may encounter as a result of filing grievances, complaints, and/or lawsuits can be accomplished through the filing of a complaint in the federal court. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm.").

Finally, Plaintiff fails to show that issuance of an injunction would serve the public interest, and the pleadings before the Court are devoid of evidence that issuance of an injunction would serve the public interest.

In light of the foregoing, the Court finds that Plaintiff has failed to meet the requisite burden for injunctive relief. He has not demonstrated a likelihood of success on the merits. Additionally, as Plaintiff has not shown at this early stage in the litigation any constitutional violations, it would not serve the public interest to grant him injunctive relief.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction (Doc. 3 ) be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that by **September 7, 2021**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the

Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc ), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE this 24th day of August, 2021.

      /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE