IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK DAVON WILLIAMS,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>DANTE GORDON,   )<br>   )<br>   Defendant.   ) | Civil Action No.<br>2:21-cv-78-WHA-CSC<br>(WO) |

### RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE

On January 21, 2021, pro se Plaintiff Frederick Davon Williams filed this action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), challenging the constitutionality of his conditions of confinement during a lockdown imposed on federal inmates at the Montgomery County Jail in Montgomery, Alabama. Doc. 1. Under orders of the Court (Doc. 10), Williams filed an amended complaint on March 5, 2021 (Doc. 11). Defendant filed an Answer, Special Report, and supporting evidentiary materials denying Williams's allegations. Doc. 30. In an order entered on July 13, 2021, the Court instructed Williams to file a response to Defendant's materials by August 4, 2021. Doc. 31. The Court cautioned Williams that his failure to file a response would result in a recommendation this case be dismissed for failure to prosecute. *Id.* To date, Williams has not filed a response to Defendant's materials or otherwise complied with the Court's order of July 13, 2021.[1]

---

[1] The docket reflects that Williams received the Court's order of July 13, 2021.

Because of Williams's failure to comply with the Court's orders, the undersigned concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (as general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that Williams's Motion for Leave of Court to Amend (Doc. 38) is DENIED without prejudice.

It is ORDERED that by **March 22, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of March, 2022.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE